# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
SHAH CAPITAL MANAGEMENT LIMITED, :

      Petitioner, :

  v. :

CROWE HORWATH LLP;  KPMG LLP;
CHARLES SCHWAB & CO., INC.;
SHEARMAN & STERLING LLP;  TD
AMERITRADE;  FIDELITY INVESTMENTS;
UBS SECURITIES LLC;  UBS AG;  CATHAY
BANK;  PAUL HASTINGS LLP;
MORRISON & FOERSTER LLP;  LESTER
SCHWAB KATZ & DWYER, LLP;
ANDREW N. BERNSTEIN;  PUGLISI &
ASSOCIATES;  THE DEPOSITORY TRUST
COMPANY;  AND CT CORPORATION
SYSTEM,

      Respondents.
------------------------------------- X

Case No.  17-cv-_____

## NOTICE TO PRODUCE

C O U N S E L:

**PLEASE TAKE NOTICE,** that pursuant to Federal Rules of Civil Procedure 26 and 34, 28 U.S.C. § 1782, and the Local Rules of the Southern District of New York, Shearman & Sterling LLP ("Respondent") is required to produce at the office of The Seiden Group, located at 1120 Avenue of The Americas, 4th Floor, New York, NY 10036, on the ___ day of _____, 2017, all (whether in hard copy or digital) books, records, and papers in Respondent's possession, custody, or control that may be relevant to the issues herein, regarding its relationship with Qiao Xing Mobile Communication Company Limited ("QXM" or "the Company"); Qiaoxing Telecommunication Industry Co., Ltd.; Cosun Group Co., Ltd.; CEC Telecom Co., Ltd.; CECT

Telecom Co., Ltd.; Huizhou Qiaoxing Telecom Industrial Co., Ltd.; Huizhou Qiaoxing Telecommunication Industrial Co., Ltd.; Huizhou Qiaoxing Luo Shi Purified Science Technology Co., Ltd.; Huizhou Qiaoxing Group Co., Ltd.; Huizhou Cosun Commercial & Trading Co., Ltd.; Huizhou Cosun Communication Industrial Co., Ltd.; Qiaoxing Famous Technical Co., Ltd.; Qiao Xing Universal Resources, Inc.; Qiao Xing Universal Telephone, Inc.; Qiao Xing Telecommunication Industry Co. Ltd.; Qiao Xing Holdings Limited; Qiao Xing Information Limited; Qiaoxing Electronics Holdings Company Limited; Qiao Xing Group International Limited; Strong Metropolitan Limited; Lightful Limited; and Beijing VEVA Technology Co., Ltd. (collectively, "QXM Related Entities"), Rui Lin Wu, and any other QXM Director, Officer, or professional engaged by QXM, including but not limited to:

1) Provide copies of all letters of engagement, together with any additional terms of engagement and/or any agreements or contracts with the Company, Rui Lin Wu, and/or QXM Related Entities;

2) Produce copies of all payment records (including checks, wire transfers, or other methods of payment) from the Company, Rui Lin Wu, and/or QXM Related Entities to Shearman & Sterling LLP or from Shearman & Sterling LLP to the Company, Rui Lin Wu, and/or QXM Related Entities;

3) Provide details of any instructions Respondent received from the Company and/or QXM Related Entities and full details of the party(s), including their contact details, who instructed Respondent;

4) Provide a summary of all documents provided to Respondent or that Respondent holds in relation to the Company and/or QXM Related Entities;

5) Provide a summary of the advice given by Respondent to the Company and/or QXM Related Entities;

6) Provide a summary of any documents or items held for safe custody for the Company and/or QXM Related Entities, including, if applicable, the items' approximate value;

7) Provide particulars of any funds held on behalf of the Company and/or QXM Related Entities, including the name of the financial institution(s) and the account number(s) in which the funds are being held;

8) Provide details of all fees charged to the Company and/or QXM Related Entities, including copies of all invoices and confirmation of the amount of fees currently outstanding, if any;

9) Provide full details of the bank account(s) from which Respondent was paid for its services, including the name of the financial institution(s) and account number(s);

10) Disclose and produce copies of all documents and records which contain information related to the Company's, Rui Lin Wu's, and/or QXM Related Entities' assets, bank and brokerage accounts, real property, investments, insurance policies, asset sales, and the like in the U.S., China, Hong Kong, British Virgin Islands, and/or other countries;

11) Disclose and produce copies of all documents and records which contain information related to the Company's and/or QXM Related Entities' Directors' and Officers' insurance policies, due diligence reports, tax returns, financial statements and prospectus;

12) Provide details on Respondent's point(s) of contact with the Company and/or QXM Related Entities, including, but not limited to, the names of any individuals, phone numbers, email addresses, postal addresses, and details of any other contact method used;

13) Provide a copy of all communications with the Company and/or QXM Related Entities and/or other professionals engaged by the Company and/or QXM Related Entities;

14) Provide a copy of all internal communications regarding the Company and/or QXM Related Entities or any of its Directors or Officers; and

15) Provide any other information that may assist the Liquidator in the conduct of the liquidation.

**PLEASE TAKE FURTHER NOTICE** of the following:

All requests are deemed to be continuing and the Respondent shall promptly provide supplemental responses in the event that it obtains any documents responsive to this notice.

If any documents that would have been responsive to any of the requests have been destroyed, identify each such document destroyed and specify the date or approximate date of destruction, the means of destruction, the person or person causing such destruction, and the cause for the destruction.

If any documents that would have been responsive to any of the requests are no longer in Respondent's possession, custody, or control, identify each document, the person who currently has possession, custody, or control of the document, and the date possession, custody, or control was transferred to that person.

No part of a request shall be left not responded to merely because an objection is interposed to another part of the request. If Respondent objects to a part or parts of a given request, Respondent must state the part as to which it objects and permit inspection of all remaining parts. All grounds for an objection to a document request must be stated with specificity. Any ground not stated in a timely objection is waived unless Respondent's failure to object is excused by the Court.

Please produce the original of each document and all non-identical copies, including copies with marginal notes or deletions, known or available to Respondent, regardless of whether these documents are possessed directly by Respondent or any of Respondent's employees, agents, representatives, investigators or by Respondent's attorneys or their agents, employees, representatives or investigators, or other third parties. If the documents sought by a particular request cannot be produced in full, produce to the extent possible, stating Respondent's reasons for the inability to produce the remainder.

Any document not produced in response to this request, because of a claimed privilege or for any other reason, should be listed according to the request number; and for each document withheld, its date, number of pages, author, sender, recipient, identification of all persons shown as receiving copies, subject matter, and the grounds for non-production should be set forth.

Documents are requested to be produced in word-searchable digital files for inspection.

Dated: New York, New York.
January _____, 2017

Respectfully submitted,

**ROBINS KAPLAN LLP**
601 Lexington Avenue
Suite 3400
New York, NY  10022
212 980 7400


By:_____
    Craig Weiner
    Attorney for Petitioner
    Shah Capital